NO. 07-01-0275-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 8, 2002

______________________________

PRIMROSE OPERATING COMPANY AND MIKE BYRD 

CASING CREWS, INC., APPELLANTS

V.

WALTER JAMES JONES, III AND JONA JONES, INDIVIDUALLY

AND AS NEXT FRIENDS FOR ALLISHA JONES AND TY JAMES

JONES, THEIR MINOR CHILDREN, APPELLEES

_________________________________

FROM THE 50
TH
 DISTRICT COURT OF KING COUNTY;

NO. 99-589; HONORABLE DAVID W. HAJEK, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION TO DISMISS

Primrose Operating Company (Primrose), Mike Byrd Casing Crews, Inc. (Byrd), and Palmer Oil Field Construction Company (Palmer) (third party defendant at trial) appeal from a judgment in favor of Walter James Jones III and Jona Jones, individually, and as next friends for Allisha Jones and Ty James Jones (hereinafter collectively referred to as the Joneses) in their lawsuit for injuries resulting to Walter James Jones III while employed as a roughneck on an oil lease.  Old Republic Insurance Company (Old Republic) (intervener at trial) also recovered a subrogation claim against Primrose and Byrd.  The Joneses and their attorneys Fadduol, Glasheen, & Valles, P. C., appeal only from an award of $491.50 in sanctions in favor of Byrd. 

The Joneses and Byrd have now filed a motion to dismiss, motion to sever, motion to vacate, and motion for partial remand, stating that they have entered into a compromise settlement agreement with respect to the Joneses’ claims against Byrd, including an agreement to indemnify Byrd from any subrogation claims of Old Republic.  Therefore, the parties wish to dismiss the appeal brought by Byrd and the appeal brought by the Joneses and their attorneys with respect to the award of sanctions in favor of Byrd.  The parties also wish to allocate a portion of the settlement proceeds to the minor children and request a remand of the claims of those children to the trial court for entry of an agreed judgment, as well as a severance and remand of the claims of Walter Jones and Jona Jones to the trial court for entry of an agreed judgment.  Finally, the parties request that the award of sanctions be vacated.  

Primrose and Old Republic have both filed responses indicating they have no objection to the motion.  No response has been filed by Palmer, but the only award against Palmer was in favor of Primrose for indemnification.  Therefore, Palmer should not be adversely affected by the granting of the motion.  

We may dismiss an appeal in a civil case in accordance with a motion to dismiss by appellant, and a severable portion of the proceeding may be disposed of if it will not prejudice the remaining parties.  Tex. R. App. P. 42.1(a) and (b).   We are also authorized to (a) affirm the trial court’s judgment in whole or in part; (b) modify the trial court’s judgment and affirm it as modified; (c) reverse the judgment in whole or in part and render judgment; (d) reverse the trial court’s judgment and remand the case for further proceedings; (e) vacate the trial court’s judgment and dismiss the case; or (f) dismiss the appeal.  Tex. R. App. P. 43.2.  However, the rules do not give us the option of dismissing the appeal and, at the same time, reversing the judgment and remanding the case to the trial court or vacating the judgment and dismissing the appeal, all of which have been requested by the parties.  

Therefore, to effectuate the request of the parties, we hereby sever and reverse the judgment of the trial court as it applies to the judgment of Walter James Jones III and Jona Jones, individually and as next friends for Allisha Jones and Ty James Jones against Mike Byrd Casing Crews, Inc. and the judgment of Mike Byrd Casing Crews, Inc. against the Joneses and their attorneys.  We also hereby remand that part of the case to the trial court for further proceedings regarding rendition of judgment in accordance with the settlement agreement of the parties. 

John T. Boyd

 Chief Justice

Do not publish.